**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2073**

ANTOINE WRIGHT,

Plaintiff - Appellant,

versus

CHARLES E. MOORE, Sheriff; PAUL ANDERSON, Head
Doctor; MS. HASHANN, Nurse; MS. NEALY,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Richard L. Williams, Senior
District Judge. (CA-05-324)

Submitted: February 24, 2006            Decided: May 23, 2006

Before LUTTIG[1] and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Antoine Wright, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

---

[1]Judge Luttig was a member of the original panel but did not
participate in this decision. This opinion is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Antoine Wright appeals the district court's order dismissing his 42 U.S.C. § 1983 (2000) action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (2000) for failure to state a claim. Wright alleged that defendants, the Sheriff of the Newport News City Jail and members of the medical staff at the jail, violated his Eighth Amendment rights through deliberate indifference to his serious medical needs. We vacate the decision of the district court and remand for further proceedings.[2]

A pro se litigant's pleadings should be construed liberally to avoid inequity. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the district court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo dismissals for failure to state a claim under § 1915(e)(2)(B)(ii), to determine whether dismissal would be appropriate under Fed. R. Civ. P. 12(b)(6). See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). "[A] district court may dismiss a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005). In evaluating such a

---

[2]No part of this opinion should be read as an indication of our assessment of the merits of Wright's claims, as we conclude only that they were prematurely dismissed.

- 2 -

dismissal, we accept as true the facts alleged in the complaint, viewing those allegations in the light most favorable to the plaintiff, and decide whether the pleadings allege facts that, if proved to be true, would entitle the plaintiff to relief.  Id.

A prison official unnecessarily and wantonly inflicts pain proscribed by the Eighth Amendment by acting with deliberate indifference to a prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order to support such a claim, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.  We conclude that Wright sufficiently stated such a claim of deliberate indifference to his medical need regarding his cancer treatment.  We therefore vacate the district court's order and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED